UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

—————————————————————— )
ENERGY INTELLIGENCE GROUP, INC., )
and ENERGY INTELLIGENCE GROUP )        Civil Action No. 16-cv-617
(UK) LIMITED, )
          )
         Plaintiffs, )
          )
         v. )        **COMPLAINT FOR COPYRIGHT**
          )        **INFRINGEMENT**
SCOTIA CAPITAL (USA) INC., )
          )
         Defendant. )        **JURY TRIAL DEMANDED**
          )
          )
—————————————————————— )

## PLAINTIFFS' COMPLAINT

Plaintiffs, Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK) Limited ("EIG UK")(collectively, "Plaintiffs"), by and through their undersigned counsel, allege the following for their complaint against Defendant, Scotia Capital (USA), Inc. ("Defendant"), based on personal knowledge and on information and belief as appropriate:

## INTRODUCTION

1.      Plaintiffs bring this action against Defendant under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act") for, among other things, willful infringement of Plaintiffs' registered copyrights.

## THE PARTIES

2.      Plaintiff EIG is a Delaware corporation with its principal place of business located at 5 East 37th Street, New York, New York 10016-2807.

3.      Plaintiff EIG UK is a United Kingdom limited company with a principal place of

business located at Interpark House, 7 Down Street, London, W1J 7AJ United Kingdom.

4.        Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 250 Vesey Street, New York, New York 10281.

## JURISDICTION AND VENUE

5.        This Court has jurisdiction over causes of action alleging copyright infringement pursuant to Sections 501, *et seq.* of the Copyright Act.  Additionally, the Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because the federal courts are vested with exclusive jurisdiction in copyright cases.  28 U.S.C. § 1338(a).

6.        This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is a New York corporation with its principal place of business at 250 Vesey Street, New York, New York 10281.  Additionally, Plaintiff EIG is registered to do business in the State of New York and has its principal place of business at 5 East 37th Street, New York, New York 10016-2807.

7.        Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## FACTUAL BACKGROUND

### A.        Plaintiffs' Publications

8.        Plaintiffs, and their predecessors-in-interest, have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for over six decades.

9.        Plaintiffs have published the monthly newsletter *Oil Market Intelligence* ("OMI") since at least as early as 1996.

10.     Plaintiffs have published the weekly newsletter *Energy Intelligence Briefing* ("EIB") since at least as early as 1999.

11.     Plaintiffs, and their predecessors-in-interest, have published the daily newsletter *Oil Daily* ("OD") since at least as early as 1951.

12.     Plaintiffs, and their predecessors-in-interest, have published the weekly newsletter *Petroleum Intelligence Weekly* ("PIW") since at least as early as 1961

13.     The audience for Plaintiffs' publications, including OMI, EIB, OD and PIW, consists of individuals with an interest in the oil and gas industries, including securities brokers and dealers, like Defendant, consultants, bankers, investors, stock market analysts, traders, commodity analysts, and others who follow or work in these industries.

14.     A representative copy of an issue of OMI, specifically the March 2015 issue of OMI (the "March 2015 OMI Copyrighted Work") is attached hereto as Exhibit A.

15.     A representative copy of an issue of EIB, specifically the March 11, 2015 issue of EIB (the "March 11, 2015 EIB Copyrighted Work") is attached hereto as Exhibit B.

16.     A representative copy of an issue of OD, specifically the July 31, 2009 issue of OD (the "July 31, 2009 OD Copyrighted Work") is attached hereto as Exhibit C.

17.     A representative copy of an issue of PIW, specifically the January 11, 2010 issue of PIW (the "January 11, 2010 PIW Copyrighted Work") is attached hereto as Exhibit D (hereafter, the March 2015 OMI Copyrighted Work, the March 11, 2015 EIB Copyrighted Work, the July 31, 2009 OD Copyrighted Work and the January 11, 2010 PIW Copyrighted Work are collectively referred to as the "Representative EIG Copyrighted Works").

18.     Plaintiffs' focus is on providing original, high-quality articles and analysis relating to the oil and gas industries through OMI, EIB, OD, PIW and their other publications.  Plaintiffs

3

have invested significant time and resources to develop their publications and services, including OMI, EIB, OD and PIW.

19.       Plaintiffs' publications do not feature or have any advertisements or sponsors and Plaintiffs are, therefore, highly dependent on paid subscriptions to sustain the viability of their publications.

20.       Plaintiffs maintain an experienced and knowledgeable editorial staff of approximately sixty (60) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai, and Singapore.

21.       The original content and analysis created by Plaintiffs and included in OMI, EIB, OD, and PIW and their other original publications are valuable assets.  Plaintiffs also publish other original publications in addition to OMI, EIB, OD and PIW, including, but not limited to:

> Energy Compass;
> EI Finance;
> International Oil Daily;
> Jet Fuel Intelligence;
> LNG Intelligence;
> Natural Gas Week;
> NGW's Gas Market Reconnaissance;
> Nefte Compass;
> Nuclear Intelligence Weekly;
> World Gas Intelligence;
> EI New Energy;
> Petroleum Intelligence Weekly Data Source;
> Oil Market Intelligence Data Source;
> Natural Gas Weekly Data Source;
> World Gas Intelligence Data Source;
> Nefte Compass Data Source; and
> EI New Energy Data Source.

22.       Plaintiffs have developed an invaluable reputation for their extremely high standards and the reliability of the content of all of their publications, including OMI, EIB, OD and PIW.

23.     In order for third parties to benefit from Plaintiffs' analytical and creative content contained in OMI, EIB, OD, PIW and Plaintiffs' other publications, Plaintiffs require interested parties to purchase various subscriptions to access the valuable content contained therein.

24.     Interested parties have various subscription options depending on their respective needs.  Subscribers typically obtain OMI, EIB, OD, PIW and Plaintiff's other publications by e-mail and/or from Plaintiffs' website, which permits password-protected access to current and/or archived issues, pursuant to a subscription or license agreement.

25.     Interested parties that do not maintain a subscription or license agreement may also purchase individual articles appearing in OMI, EI, OD, PIW and Plaintiffs' other publications, as well as archived articles, from Plaintiffs using Plaintiffs' pay-per-article service.  The license fee per article for the OMI and PIW publications is $24.00.  The license fee per article, per copy, for the OD publication is $9.00. The license fee per article for the EIB publication is $40.00.  The total license fee for this pay-per-article service is multiplied by the number of copies of the requested article.

26.     Interested parties that do not maintain a subscription or license agreement may also purchase individual issues of OMI, EIB, OD, PIW and others of Plaintiffs' publications, as well as archived issues, from Plaintiffs using Plaintiffs' pay-per-issue service.  The license fee per issue for the OMI, PIW and EIB publications is $395.00.  The license fee per issue for the OD publication is $95.00.  The total license fee for this pay-per-issue service is multiplied by the number of copies of the requested issue.

**B.     Plaintiffs' Copyrights and Notices**

27.     Plaintiffs provide copyright notices and warnings on their website, e-mails, articles and publications, including OMI, EIB, OD and PIW, so that third parties are aware of Plaintiffs'

rights in their publications and works of original authorship (the "Copyright Notice and Warnings").  As an example, the Copyright Notice and Warnings contained in the e-mails transmitting the March 2015 OMI Copyrighted Work and the March 11, 2015 EIB Copyrighted Work state:

> Copyright © 2015 Energy Intelligence Group, Inc.  All rights reserved.
>
> Reproduction or distribution internally or externally in any manner (photostatically, electronically, or via facsimile), including by sharing printed copies, or forwarding or posting on local- and wide-area networks and intranets, or sharing user name and password, is strictly prohibited without appropriate license from Energy Intelligence – contact CustomerService@energyintel.com for more information.

28.        As a further example, the Copyright Notice and Warnings contained in the e-mails transmitting the July 31, 2009 OD Copyrighted Work and the January 11, 2010 PIW Copyrighted Work state:

> Copyright (c) [2009/2010] EIG, Inc.
>
> Reproduction in any form (photostatically, electronically, or via facsimile), including via local- and wide-area networks, is strictly forbidden without direct licensed permission from Energy Intelligence – contact Sales@energyintel.com.

A true and accurate copy of the Copyright Notice and Warnings contained in the e-mails transmitting the Representative EIG Copyrighted Works is attached hereto as Exhibits E - H.

29.        As an additional representative example, the Copyright Notice and Warnings on the front cover of each of the Representative EIG Copyrighted Works specifically state: "Copyright © [2015/2010/2009] Energy Intelligence Group.  All rights reserved.  Unauthorized access or electronic forwarding, even for internal use, is prohibited."  Exhibits A - D.

30.        As a further representative example, the Copyright Notice and Warnings contained in the Representative EIG Copyrighted Works specifically states:

COPYRIGHT © [2015/2010/2009] by Energy Intelligence Group, Inc. . . . All rights reserved.  Access, distribution and reproduction are subject to the terms and conditions of the subscription agreement and/or license with Energy Intelligence.  Access, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with Energy Intelligence is willful copyright infringement.  Additional copies of individual articles may be obtained using the pay-per-article feature offered at www.energyintel.com.

Exhibit A at 19; Exhibit C at 8; Exhibit D at 2.

31.    The Copyright Notices and Warnings provided in and in connection with the Representative EIG Copyrighted Works are representative of the Copyright Notices and Warnings provided in as well as in connection with all issues of OMI, EIB, OD and PIW received by Defendant (collectively referred to as the "EIG Copyrighted Works," and individually as the "OMI Copyrighted Works," "EIB Copyrighted Works," "OD Copyrighted Works," and "PIW Copyrighted Works," respectively).

32.    Based on these representative examples of the Copyright Notice and Warnings, Plaintiffs are in compliance with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401.

33.    Accordingly, Defendant knew or should have known that the EIG Copyrighted Works are protected by U.S. copyright laws.

34.    Having complied with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401, Plaintiffs have provided Defendant with complete and proper notice of Plaintiffs' copyrights in the EIG Copyrighted Works.

35.    Among other copyright registrations, Plaintiffs are the owners of the following U.S. Copyright Registrations for the OMI Copyrighted Works, attached hereto as Exhibit I:

• No. TX 6-679-201 for Volume 13 covering 1 work published in August 2008;
• No. TX 6-678-884 for Volume 13 covering 1 work published in September 2008;
• No. TX 6-682-025 for Volume 13 covering 1 work published in October 2008;

- No. TX 6-682-713 for Volume 13 covering 1 work published in November 2008;
- No. TX 6-682-703 for Volume 13 covering 1 work published in December 2008;
- No. TX 6-684-569 for Volume 14 covering 1 work published in January 2009;
- No. TX 6-769-896 for Volume 14 covering 1 work published in February 2009;
- No. TX 6-688-123 for Volume 14 covering 1 work published in March 2009
- No. TX 6-688-123 for Volume 14 covering 1 work published in April 2009;
- No. TX 6-701-329 for Volume 14 covering 1 work published in May 2009;
- No. TX 6-701-338 for Volume 14 covering 1 work published in June 2009;
- No. TX 6-684-726 for Volume 14 covering 1 work published in July 2009;
- No. TX 6-684-716 for Volume 14 covering 1 work published in August 2009;
- No. TX 6-775-765 for Volume 14 covering 1 work published in September 2009;
- No. TX 6-769-304 for Volume 14 covering 1 work published in October 2009;
- No. TX 6-778-044 for Volume 14 covering 1 work published in November 2009;
- No. TX 6-778-044 for Volume 14 covering 1 work published in December 2009;
- No. TX 6-783-905 for Volume 15 covering 1 work published in January 2010;
- No. TX 6-783-905 for Volume 15 covering 1 work published in February 2010;
- No. TX 6-769-728 for Volume 15 covering 1 work published in March 2010;
- No. TX 6-769-729 for Volume 15 covering 1 work published in April 2010;
- No. TX 6-716-417 for Volume 15 covering 1 work published in May 2010;
- No. TX 6-778-535 for Volume 15 covering 1 work published in June 2010;
- No. TX 6-778-525 for Volume 15 covering 1 work published in July 2010;
- No. TX 6-716-397 for Volume 15 covering 1 work published in August 2010;
- No. TX 6-777-321 for Volume 15 covering 1 work published in September 2010;
- No. TX 6-780-138 for Volume 15 covering 1 work published in October 2010;
- No. TX 6-784-320 for Volume 15 covering 1 work published in November 2010;
- No. TX 6-784-320 for Volume 15 covering 1 work published in December 2010;
- No. TX 6-785-255 for Volume 16 covering 1 work published in January 2011;
- No. TX 6-785-255 for Volume 16 covering 1 work published in February 2011;
- No. TX 6-781-706 for Volume 16 covering 1 work published in March 2011;
- No. TX 6-781-705 for Volume 16 covering 1 work published in April 2011;
- No. TX 6-788-150 for Volume 16 covering 1 work published in May 2011;
- No. TX 6-788-158 for Volume 16 covering 1 work published in June 2011;
- No. TX 7-597-178 for Volume 16 covering 1 work published in July 2011;
- No. TX 7-597-168 for Volume 16 covering 1 work published in August 2011;
- No. TX 7-597-203 for Volume 16 covering 1 work published in September 2011;
- No. TX 7-597-192 for Volume 16 covering 1 work published in October 2011;
- No. TX 7-617-857 for Volume 16 covering 1 work published in November 2011;
- No. TX 7-617-894 for Volume 16 covering 1 work published in December 2011;
- No. TX 7-616-156 for Volume 17 covering 1 work published in January 2012;
- No. TX 7-616-173 for Volume 17 covering 1 work published in February 2012;
- No. TX 7-592-737 for Volume 17 covering 1 work published in March 2012;

• No. TX 7-596-568 for Volume 17 covering 1 work published in April 2012;
• No. TX 7-630-744 for Volume 17 covering 1 work published in May 2012;
• No. TX ----------- for Volume 17 covering 1 work published in June 2012 (application pending);
• No. TX 7-804-816 for Volume 17 covering 1 work published in July 2012;
• No. TX 7-614-558 for Volume 17 covering 1 work published in August 2012;
• No. TX 7-614-529 for Volume 17 covering 1 work published in September 2012;
• No. TX0 8-054-470 for Volume 17 covering 1 work published in October 2012;
• No. TX0 8-054-527 for Volume 17 covering 1 work published in November 2012;
• No. TX 7-688-978 for Volume 17 covering 1 work published in December 2012;
• No. TX 7-690-164 for Volume 18 covering 1 work published in January 2013;
• No. TX 7-797-321 for Volume 18 covering 1 work published in February 2013;
• No. TX 7-797-318 for Volume 18 covering 1 work published in March 2013;
• No. TX 7-776-888 for Volume 18 covering 1 work published in April 2013;
• No. TX 7-776-888 for Volume 18 covering 1 work published in May 2013;
• No. TX 7-776-888 for Volume 18 covering 1 work published in June 2013;
• No. TX 7-937-586 for Volume 18 covering 1 work published in July 2013;
• No. TX 7-807-257 for Volume 18 covering 1 work published in August 2013;
• No. TX 7-889-267 for Volume 18 covering 1 work published in September 2013;
• No. TX 7-806-990 for Volume 18 covering 1 work published in October 2013;
• No. TX 7-887-973 for Volume 18 covering 1 work published in November 2013;
• No. TX 7-888-010 for Volume 18 covering 1 work published in December 2013;
• No. TX 7-836-124 for Volume 19 covering 1 work published in January 2014;
• No. TX 7-839-330 for Volume 19 covering 1 work published in February 2014;
• No. TX 7-839-404 for Volume 19 covering 1 work published in March 2014;
• No. TX 7-895-388 for Volume 19 covering 1 work published in April 2014;
• No. TX 7-899-493 for Volume 19 covering 1 work published in May 2014;
• No. TX 7-899-505 for Volume 19 covering 1 work published in June 2014;
•No. TX 7-988-546 for Volume 19 covering 1 work published in July 2014;
•No. TX 7-961-675 for Volume 19 covering 1 work published in August 2014
•No. TX 7-961-659 for Volume 19 covering 1 work published in September 2014
•No. TX 7-961-669 for Volume 19 covering 1 work published in October 2014
•No. TX 7-984-821 for Volume 19 covering 1 work published in November 2014
•No. TX 7-987-220 for Volume 19 covering 1 work published in December 2014
•No. TX -------- for Volume 20 covering 1 work published in January 2015 (application pending);
•No. TX -------- for Volume 20 covering 1 work published in February 2015 (application pending);
•No. TX -------- for Volume 20 covering 1 work published in March 2015 (application pending);
•No. TX 8-094-250 for Volume 20 covering 1 work published in April 2015;
•No. TX 8-066-834 for Volume 20 covering 1 work published in May 2015;
•No. TX --------- for Volume 20 covering 1 work published in June 2015 (application pending);
•No. TX 8-106-658 for Volume 20 covering 1 work published in July 2015;
•No. TX --------- for Volume 20 covering 1 work published in August 2015 (application pending);

9

•No. TX -------- for Volume 20 covering 1 work published in September 2015 (application pending);
•No. TX --------- for Volume 20 covering 1 work published in October 2015 (application pending);
•No. TX --------- for Volume 20 covering 1 work published in November 2015 (application pending);
•No. TX --------- for Volume 20 covering 1 work published in December 2015 (application pending)

36.      Among other copyright registrations, Plaintiffs are the owners of the following U.S.

Copyright Registrations for the EIB Copyrighted Works, attached hereto as Exhibit J:

• No. TX 6-665-576 for Volume 10 covering 6 works published in August 2008;
• No. TX 6-680-139 for Volume 10 covering 11 works published in September 2008;
• No. TX 6-662-743 for Volume 10 covering 10 works published in October 2008;
• No. TX 6-664-303 for Volume 10 covering 8 works published in November 2008;
• No. TX 6-664-304 for Volume 10 covering 11 works published in December 2008;
• No. TX 6-680-100 for Volume 11 covering 6 works published in January 2009;
• No. TX 6-679-607 for Volume 11 covering 5 works published in February 2009;
• No. TX 6-665-626 for Volume 11 covering 10 works published in March 2009;
• No. TX 6-665-627 for Volume 11 covering 6 works published in April 2009;
• No. TX 6-631-528 for Volume 11 covering 7 works published in May 2009;
• No. TX 6-631-519 for Volume 11 covering 7 works published in June 2009;
• No. TX 6-684-114 for Volume 11 covering 5 works published in July 2009;
• No. TX 6-684-117 for Volume 11 covering 9 works published in August 2009;
• No. TX 6-701-936 for Volume 11 covering 10 works published in September 2009;
• No. TX 6-701-935 for Volume 11 covering 6 works published in October 2009;
• No. TX 6-702-121 for Volume 11 covering 7 works published in November 2009;
• No. TX 6-702-123 for Volume 11 covering 11 works published in December 2009;
• No. TX 6-701-923 for Volume 12 covering 6 works published in January 2010;
• No. TX 6-701-929 for Volume 12 covering 8 works published in February 2010;
• No. TX 6-703-819 for Volume 12 covering 9 works published in March 2010;
• No. TX 6-704-543 for Volume 12 covering 6 works published in April 2010;
• No. TX 6-704-577 for Volume 12 covering 8 works published in May 2010;
• No. TX 6-705-222 for Volume 12 covering 11 works published in June 2010;
• No. TX 6-705-208 for Volume 12 covering 10 works published in July 2010;
• No. TX 6-771-938 for Volume 12 covering 6 works published in August 2010;
• No. TX 6-771-941 for Volume 12 covering 9 works published in September 2010;
• No. TX 6-772-065 for Volume 12 covering 8 works published in October 2010;
• No. TX 6-778-767 for Volume 12 covering 7 works published in November 2010;
• No. TX 6-778-768 for Volume 12 covering 11 works published in December 2010;
• No. TX 6-776-067 for Volume 13 covering 8 works published in January 2011;
• No. TX 6-776-060 for Volume 13 covering 7 works published in February 2011;
• No. TX 6-779-244 for Volume 13 covering 10 works published in March 2011;

- No. TX 6-779-231 for Volume 13 covering 10 works published in April 2011;
- No. TX 6-779-307 for Volume 13 covering 8 works published in May 2011;
- No. TX 6-779-310 for Volume 13 covering 12 works published in June 2011;
- No. TX 6-788-903 for Volume 13 covering 9 works published in July 2011;
- No. TX 6-788-966 for Volume 13 covering 7 works published in August 2011;
- No. TX 6-788-939 for Volume 13 covering 8 works published in September 2011;
- No. TX 6-788-908 for Volume 13 covering 5 works published in October 2011;
- No. TX 6-788-996 for Volume 13 covering 7 works published in November 2011;
- No. TX 6-788-989 for Volume 13 covering 10 works published in December 2011;
- No. TX 6-789-071 for Volume 14 covering 11 works published in January 2012;
- No. TX 6-788-988 for Volume 14 covering 7 works published in February 2012;
- No. TX 6-789-741 for Volume 14 covering 12 works published in March 2012;
- No. TX 6-789-806 for Volume 14 covering 8 works published in April 2012;
- No. TX 6-790-009 for Volume 14 covering 8 works published in May 2012;
- No. TX 6-613-681 for Volume 14 covering 13 works published in June 2012;
- No. TX 6-573-331 for Volume 14 covering 8 works published in July 2012;
- No. TX 6-744-761 for Volume 14 covering 12 works published in August 2012;
- No. TX 6-686-562 for Volume 14 covering 9 works published in September 2012;
- No. TX ----------- for Volume 14 covering 7 works published in October 2012 (application pending);
- No. TX 8-052-174 for Volume 14 covering 7 works published in November 2012;
- No. TX -------- for Volume 14 covering 9 works published in December 2012 (application pending);
- No. TX 7-910-820 for Volume 15 covering 9 works published in January 2013;
- No. TX 7-894-524 for Volume 15 covering 9 works published in February 2013;
- No. TX 7-895-845 for Volume 15 covering 11 works published in March 2013;
- No. TX 7-726-218 for Volume 15 covering 8 works published in April 2013;
- No. TX 7-748-830 for Volume 15 covering 8 works published in May 2013;
- No. TX 7-900-539 for Volume 15 covering 8 works published in June 2013;
- No. TX 7-989-372 for Volume 15 covering 9 works published in July 2013;
- No. TX 7-989-379 for Volume 15 covering 8 works published in August 2013;
- No. TX 7-898-903 for Volume 15 covering 8 works published in September 2013;
- No. TX 7-992-001 for Volume 15 covering 7 works published in October 2013;
- No. TX 8-068-773 for Volume 15 covering 8 works published in November 2013;
- No. TX 8-058-287 for Volume 15 covering 6 works published in December 2013;
- No. TX 7-965-962 for Volume 15 covering 9 works published in January 2014;
- No. TX 7-987-508 for Volume 15 covering 8 works published in February 2014;
- No. TX 8-030-321 for Volume 15 covering 7 works published in March 2014;
- No. TX 7-934-123 for Volume 15 covering 9 works published in April 2014;
- No. TX 7-966-149 for Volume 15 covering 7 works published in May 2014;
- No. TX 7-982-556 for Volume 16 covering 9 works published in June 2014;
- No. TX 8-086-242 for Volume 16 covering 7 works published in July 2014;
- No. TX 8-086-888 for Volume 16 covering 7 works published in August 2014;

- No. TX 8-029-370 for Volume 16 covering 9 works published in September 2014;
- No. TX -------- for Volume 16 covering 7 works published in October 2014 (application pending)
- No. TX 8-060-188 for Volume 16 covering 7 works published in November 2014;
- No. TX -------- for Volume 16 covering 8 works published in December 2014 (application pending)
- No. TX ---------- for Volume 17 covering 6 works published in January 2015 (application pending);
- No. TX --------- for Volume 17 covering 7 works published in February 2015 (application pending);
- No. TX 8-051-090 for Volume 17 covering 7 works published in March 2015;
- No. TX --------- for Volume 17 covering 8 works published in April 2015 (application pending);
- No. TX --------- for Volume 17 covering 6 works published in May 2015 (application pending);
- No. TX -------- for Volume 17 covering 5 works published in June 2015 (application pending);
- No. TX ---------- for Volume 17 covering 4 works published in July 2015 (application pending);
- No. TX --------- for Volume 17 covering 5 works published in August 2015 (application pending);
- No. TX -------- for Volume 17 covering 4 works published in September 2015 (application pending);
- No. TX --------- for Volume 17 covering 8 works published in October 2015 (application pending);
- No. TX -------- for Volume 17 covering 7 works published in November 2015 (application pending)
- No. TX --------- for Volume 17 covering 8 works published in December 2015 (application pending).

37.     Among other copyright registrations, Plaintiffs are the owners of the following U.S.

Copyright Registrations for the OD Copyrighted Works, attached hereto as Exhibit K:

- No. TX 6-665-575 for Volume 58 covering 21 works published August 2008;
- No. TX 6-680-142 for Volume 58 covering 21 works published September 2008;
- No. TX 6-662-749 for Volume 58 covering 23 works published October 2008;
- No. TX 6-664-308 for Volume 58 covering 18 works published November 2008;
- No. TX 6-664-309 for Volume 58 covering 22 works published December 2008;
- No. TX 6-647-241 for Volume 59 covering 20 works published January 2009;
- No. TX 6-631-529 for Volume 59 covering 19 works published February 2009;
- No. TX 6-647-244 for Volume 59 covering 22 works published March 2009;
- No. TX 6-665-630 for Volume 59 covering 21 works published April 2009;
- No. TX 6-631-518 for Volume 59 covering 20 works published May 2009;
- No. TX 6-631-525 for Volume 59 covering 22 works published June 2009;
- No. TX 6-685-271 for Volume 59 covering 22 works published July 2009.

38.     Among other copyright registrations, Plaintiffs are the owners of the following U.S.

Copyright Registrations for the PIW Copyrighted Works, attached hereto as Exhibit L.

- No. TX 6-679-209 for Volume 47 covering 4 works published in August 2008;
- No. TX 6-678-878 for Volume 47 covering 5 works published in September 2008;
- No. TX 6-682-031 for Volume 47 covering 4 works published in October 2008;
- No. TX 6-682-704 for Volume 47 covering 4 works published in November 2008;
- No. TX 6-682-706 for Volume 47 covering 4 works published in December 2008;

- No. TX 6-684-570 for Volume 48 covering 4 works published in January 2009;
- No. TX 6-769-895 for Volume 48 covering 4 works published in February 2009;
- No. TX 6-688-124 for Volume 48 covering 5 works published in March 2009;
- No. TX 6-688-118 for Volume 48 covering 4 works published in April 2009;
- No. TX 6-701-330 for Volume 48 covering 4 works published in May 2009;
- No. TX 6-701-334 for Volume 48 covering 5 works published in June 2009;
- No. TX 6-684-727 for Volume 48 covering 4 works published in July 2009;
- No. TX 6-684-722 for Volume 48 covering 5 works published in August 2009;
- No. TX 6-769-426 for Volume 48 covering 4 works published in September 2009;
- No. TX 6-775-766 for Volume 48 covering 4 works published in October 2009;
- No. TX 6-778-043 for Volume 48 covering 5 works published in November 2009;
- No. TX 6-608-137 for Volume 48 covering 3 works published in December 2009; and
- No. TX 6-716-599 for Volume 49 covering 4 works published in January 2010.

## C.    **Defendant's Subscription History**

39.    Upon information and belief, Howard Weil Inc. is the predecessor-in-interest to Scotia Capital (USA) Inc.

40.    From at least as early as 1987 through the present, Defendant, or its predecessor-in-interest, has maintained a single-copy subscription to OMI.

41.    From at least as early as 2002 through the present, Defendant, or its predecessor-in-interest, has maintained a single-copy subscription to EIB.

42.    From at least 1993 through July 2009, Defendant, or its predecessor-in-interest, held a single-copy subscription to OD.

43.    From at least as early as 1989 through January 2010, Defendant, or its predecessor-in-interest, held a single-copy subscription to PIW.

44.    Additionally, from at least as early as 1993 through March 2013, Defendant, or its predecessor-in-interest, held a subscription to Plaintiff EIG's publication *Natural Gas Week* ("NGW").

45.        Additionally, from at least as early as 2003 through the present, Defendant, or its predecessor-in-interest, has maintained a single-copy subscription to Plaintiffs' publication *Oil Market Intelligence Data Source* ("OMIDS").

        Defendant's Subscription To OMI

46.        Defendant, or its predecessor-in-interest, received OMI by print delivery up until March 21, 1994, at which time Defendant, or its predecessor-in-interest, elected to receive its single copy of OMI via fax delivery.  During this period the designated recipient of the publication was Arthur Tower.

47.        On June 12, 2001, Defendant, or its predecessor-in-interest, elected to receive its single-copy of OMI via e-mail delivery as a PDF attachment.  The e-mail address geneg@howardweil.com was designated for delivery of OMI, although Arthur Tower remained the designated recipient of the publication.

48.        On January 30, 2006, the designated recipient of the publication was changed to Wes Ralston, and the e-mail address designated for delivery of OMI was changed to wesr@howardweil.com.

49.        On August 7, 2008, the designated recipient of the publication was changed to Blake Fernandez, and the e-mail address designated for delivery of OMI was changed to blakef@howardweil.com.   Mr. Fernandez remains the individual currently designated to receive Defendant's single-copy subscription to OMI.

50.        Defendant's current single-copy subscription to OMI expires on June 30, 2016.

Defendant's Subscription to EIB

51.     Defendant, or its predecessor-in-interest, first purchased a single-copy subscription for delivery of EIB by email in May 2002.  Gene Gillespie was designated as the recipient, and the email address designated for delivery of EIB was geneg@howardweil.com.

52.     On April 21, 2006, the designated recipient was changed to Wes Ralston, and the email address designated for delivery of EIB was changed to wesr@howardweil.com.

53.     On August 7, 2008, the designated recipient was changed to Blake Fernandez, and the email address designated for delivery of EIB was changed to blakef@howardweil.com.  Mr. Fernandez remains the individual designated to receive Defendant's single-copy subscription to EIB.

Defendant's Subscription To OD

54.     Defendant, or its predecessor-in-interest, received OD via print delivery until August 17, 1993, at which time the delivery method was changed from print to fax.

55.     On June 4, 1998, Ginger Mortensen was designated as the recipient of OD and the delivery method was changed to email delivery as a PDF attachment to the email address gingerm@howardweil.com.

56.     On January 24, 2000, the designated recipient was changed to Bernard Slutsky, and the email address designated for delivery of OD was changed to julier@howardweil.com.

57.     On July 6, 2005, the designated recipient was changed to Crissy Chambers, and the email address designated for delivery of OD was crissyc@howardweil.com.  That same day, the email delivery address was changed back to julier@howardweil.com.

58.     Over a month later, on August 22, 2005, the email address designated for delivery of OD was again changed to wesr@howardweil.com.

59.     On August 8, 2008, the email address designated for delivery of OD was changed to blakef@howardweil.com.

60.     Defendant, or its predecessor-in-interest's subscription to OD expired on July 31, 2009, and was not renewed thereafter.

        Defendant's Subscription to PIW

61.     Defendant, or its predecessor-in-interest, first purchased a single-copy fax delivery subscription to PIW on or about June 6, 1996.  Arthur Tower was designated as the recipient. The subscription was renewed on June 17, 1997 and expired on July 13, 1998.

62.     On or about May 3, 1999, Defendant, or its predecessor-in-interest, entered a new order for a print delivery subscription.  Janet Williams was designated as the recipient of the publication.

63.     On or around February 28, 2000, the designated recipient was changed from Janice Stewart to Gene Gillespie.

64.     On May 21, 2001, the subscription was transferred from print to email delivery, the designated recipient remained Gene Gillespie and the email address designated for delivery of PIW was geneg@howardweil.com.

65.     On or around January 30, 2006, Defendant, or its predecessor-in-interest, renewed the subscription and changed the designated recipient to Wes Ralston, and changed the email address designated for delivery of PIW to wesr@howardweil.com

66.     On August 7, 2008, the designated recipient was changed from Wes Ralston to Blake Fernandez, and the email address designated for delivery of PIW was changed to blakef@howardweil.com

67.     Defendant, or its predecessor-in-interest's subscription to PIW expired on January 11, 2010, and the subscription was not renewed thereafter.

68.     From at least as early as 1987 through the present, Plaintiffs transmitted to Defendant and/or its predecessor-in-interest invoices and/or subscription agreements on an annual basis for the renewal of the single-copy subscriptions to OMI, EIB, OD and PIW.  By way of example, the invoices and subscription agreements for Defendant's single-copy subscriptions to OMI and EIB (the "OMI/EIB Agreements"), which were in effect in March 2015, when Plaintiffs first learned of Defendant's copying of Plaintiffs' copyrighted works, specifically state that:

> By payment hereof, you hereby acknowledge receipt, review and acceptance of Energy Intelligence's terms and conditions shown [below/on the reverse side of this notice].

Copies of the invoices and subscription agreements are annexed hereto as Exhibits M and N.

69.     The OMI/EIB Agreements further state in part that:

> [a]ll unauthorized reproductions, or disseminations or other uses of material contained in the EIG Services shall be deemed willful infringement of EIG's copyright and/or other proprietary and intellectual property rights.

*Id.*

70.     Defendant and/or its predecessor-in-interest has accepted the terms of the OMI/EIB Agreements as well as the subscription services provided by Plaintiffs under the OMI/EIB Agreements.

71.     As a further example, the invoices and subscription agreements for Defendant's single-copy subscriptions to OD and PIW (the "OD/PIW Agreements"), which were in effect on July 31, 2009 and January 11, 2010, respectively, state in part that:

> By payment of the attached invoice, you agree to the following terms and conditions governing the subscription(s) to the publication(s) and/or service(s) that are described on the front of this invoice and furnished by Energy Intelligence Group, Inc. ("EIG").

Copies of the invoices and subscription agreements are annexed hereto as Exhibits O and P.

72.     Additionally, the OD/PIW Agreements state that:

> Each unauthorized access, reproduction or use of or to any text, image, content or material from any EIG publication ("Unauthorized Reproduction") shall be deemed a willful infringement(s) of EIG's copyrights and other proprietary and intellectual property rights.

*Id.*

73.     Defendant and/or its predecessor-in-interest has accepted the terms of the OD/PIW Agreements as well as the subscription services provided by Plaintiffs under the OD/PIW Agreements.

**D.     Defendant's Infringement of Plaintiffs' Copyrighted Works**

74.     On or about March 18, 2015, Plaintiffs' employee, Jessie Sims, made a sales call to Blake Fernandez, an employee of Defendant.

75.     During the phone call, Mr. Sims inquired as to Defendant's usage of its single-copy subscription to OMI, to see if Defendant might have a need for additional subscriptions.

76.     Mr. Fernandez replied that Defendant had no need for additional subscriptions, and explained that there was a folder in which copies of Plaintiffs' publications were placed, so that they could be accessed by other employees in Defendant's research department.

77.     On or about April 10, 2015, Mr. Sims had another phone conversation with Mr. Fernandez, in which Mr. Fernandez explained that he used a "rule" in his e-mail account that automatically forwarded the digital files containing any of Plaintiffs' publications to a shared folder so that his colleagues could have access to them.  Mr. Fernandez further explained that he did this because he travels often and wanted the other analysts to have access to the publications when he was away.

78.      Blake Fernandez is currently the designated recipient of each of Defendant's single-copy subscriptions to OMI, EIB and OMIDS.

79.      Mr. Fernandez was also the designated recipient of Defendant's single-copy subscriptions to PIW and OD at the time of their expiration.

80.      Upon information and belief, Defendant's e-mail servers, servers and computer systems are highly secure and only those individuals or entities that Defendant designates may access them.

81.      Upon information and belief, Defendant's e-mail servers, servers and computer systems cannot be accessed by the general public or by Plaintiffs.

82.      Upon information and belief, Defendant actively and willfully concealed its regular and systematic copying and forwarding of the EIG Copyrighted Works, and the articles contained therein, from Plaintiffs.

83.      Upon information and belief, during Mr. Sims' phone call with Mr. Fernandez on or about March 18, 2015 was the first time that Plaintiffs learned that Defendant was engaged in unauthorized copying and distribution of the EIG Copyrighted Works.

84.      Plaintiffs have never authorized Defendant to copy, transmit or distribute the EIG Copyrighted Works, including the Representative EIG Copyrighted Works, in violation of Plaintiffs' registered copyrights.  Accordingly, Defendant is not authorized to copy, transmit or distribute the EIG Copyrighted Works, or to authorize others to do so.

85.      By unlawfully copying, transmitting and distributing the EIG Copyrighted Works, Defendant has, and is, violating Plaintiffs' exclusive rights to reproduce and distribute the EIG Copyrighted Works.

86.     Upon information and belief, Defendant has been regularly and systematically reproducing and distributing the EIG Copyrighted Works since at least as early as 2008.

87.     Upon information and belief, Defendant's actions of reproducing and distributing the EIG Copyrighted Works constitutes willful infringement of Plaintiffs' EIG Copyrighted Works.

## COUNT ONE
### (INFRINGEMENT OF THE OMI COPYRIGHTED WORKS)

88.     Plaintiffs repeat and reallege the allegations of Paragraphs 1– 87 as though fully set forth herein.

89.     The OMI Copyrighted Works are highly original and contain creative expression and independent analysis.  *See* Exhibit A.

90.     As such, the OMI Copyrighted Works are original works copyrightable under 17 U.S.C. § 102(a).

91.     Plaintiffs own all right, title, and interest in and to the OMI Copyrighted Works and the articles, as separate and distinct works.  *See* Exhibit I.

92.     Copies of the OMI Copyrighted Works were made available to and were received by Defendant pursuant to single-copy subscription agreements.

93.     On information and belief, Defendant has for years willfully copied and distributed on a consistent and systematic basis, without Plaintiffs' authorization or consent, the OMI Copyrighted Works, and concealed these activities from Plaintiffs.

94.     Based on the inclusion of the Copyright Notice and Warnings contained in transmittal emails and each of Plaintiffs' publications, the language in the subscription agreements, and the various warnings contained in Plaintiffs' publications, including the OMI Copyrighted Works and the monthly transmittal cover e-mails, Defendant knew and/or was on notice that the OMI

20

Copyrighted Works were and are protected by the copyright laws, and Defendant is therefore unable to assert a defense of innocent infringement.  *See* 17 U.S.C. § 401(d).

95.      Defendant's single-copy subscription agreements to the OMI Copyrighted Works prohibit copying and distributing of the OMI Copyrighted Works, including the March 2015 OMI Copyrighted Work.

96.      Upon information and belief, Defendant willfully infringed the copyrights in the OMI Copyrighted Works by acting with knowledge that its actions constituted infringement, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement.

97.      Defendant's acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the OMI Copyrighted Works.  Defendant's past and continuing copying, transmitting and distribution of Plaintiffs' OMI Copyrighted Works and the articles contained therein constitute a willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

98.      Plaintiffs have no adequate remedy at law.

## COUNT TWO
### (INFRINGEMENT OF THE EIB COPYRIGHTED WORKS)

99.      Plaintiffs repeat and reallege the allegations of Paragraphs 1– 87 as though fully set forth herein.

100.      The EIB Copyrighted Works are highly original and contain creative expression and independent analysis.  *See* Exhibit B.

101.      As such, the EIB Copyrighted Works are original works copyrightable under 17 U.S.C. § 102(a).

21

102.     Plaintiffs own all right, title, and interest in and to the EIB Copyrighted Works and the articles, as separate and distinct works.  *See* Exhibit J.

103.     Copies of the EIB Copyrighted Works were made available to and were received by Defendant pursuant to single-copy subscription agreements.

104.     On information and belief, Defendant has for years willfully copied and distributed on a consistent and systematic basis, without Plaintiffs' authorization or consent, the EIB Copyrighted Works, and concealed these activities from Plaintiffs.

105.     Based on the inclusion of the Copyright Notice and Warnings contained in transmittal emails and each of Plaintiffs' publications, the language in the subscription agreements, and the various warnings contained in Plaintiffs' publications, including the EIB Copyrighted Works and the weekly transmittal cover e-mails, Defendant knew and/or was on notice that the EIB Copyrighted Works were and are protected by the copyright laws, and Defendant is therefore unable to assert a defense of innocent infringement.  *See* 17 U.S.C. § 401(d).

106.     Defendant's single-copy subscription agreements to the EIB Copyrighted Works prohibit copying and distributing of the EIB Copyrighted Works, including the March 11, 2015 EIB Copyrighted Work.

107.     Upon information and belief, Defendant willfully infringed the copyrights in the EIB Copyrighted Works by acting with knowledge that its actions constituted infringement, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement.

108.     Defendant's acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the EIB Copyrighted Works.  Defendant's past and continuing copying,

22

transmitting and distribution of Plaintiffs' EIB Copyrighted Works and the articles contained

therein constitute a willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are

causing irreparable harm and damage to Plaintiffs.

109.     Plaintiffs have no adequate remedy at law.

## COUNT THREE
## (INFRINGEMENT OF THE OD COPYRIGHTED WORKS)

110.     Plaintiffs repeat and reallege the allegations of Paragraphs 1– 87 as though fully set

forth herein.

111.     The OD Copyrighted Works are highly original and contain creative expression and

independent analysis.  *See* Exhibit C.

112.     As such, the OD Copyrighted Works are original works copyrightable under 17

U.S.C. § 102(a).

113.     Plaintiffs own all right, title, and interest in and to the OD Copyrighted Works and the

articles, as separate and distinct works.  *See* Exhibit K.

114.     Copies of the OD Copyrighted Works were made available to and were received by

Defendant pursuant to single-copy subscription agreements.

115.     On information and belief, Defendant has for years willfully copied and distributed

on a consistent and systematic basis, without Plaintiffs' authorization or consent, the OD

Copyrighted Works, and concealed these activities from Plaintiffs.

116.     Based on the inclusion of the Copyright Notice and Warnings contained in transmittal

emails and each of Plaintiffs' publications, the language in the subscription agreements, and the

various warnings contained in Plaintiffs' publications, including the OD Copyrighted Works and

the daily transmittal cover e-mails, Defendant knew and/or was on notice that the OD

Copyrighted Works were and are protected by the copyright laws, and Defendant is therefore unable to assert a defense of innocent infringement.  *See* 17 U.S.C. § 401(d).

117.     Plaintiffs' subscription agreements to the OD Copyrighted Works prohibit copying and distributing of the OD Copyrighted Works, including the July 31, 2009 OD Copyrighted Work.

118.     Upon information and belief, Defendant willfully infringed the copyrights in the OD Copyrighted Works by acting with knowledge that its actions constituted infringement, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement.

119.     Defendant's acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the OD Copyrighted Works.  Defendant's past and continuing copying, transmitting and distribution of Plaintiffs' OD Copyrighted Works and the articles contained therein constitute a willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

120.     Plaintiffs have no adequate remedy at law.

## COUNT FOUR
### (INFRINGEMENT OF THE PIW COPYRIGHTED WORKS)

121.     Plaintiffs repeat and reallege the allegations of Paragraphs 1– 87 as though fully set forth herein.

122.     The PIW Copyrighted Works are highly original and contain creative expression and independent analysis.  *See* Exhibit D.

123.     As such, the PIW Copyrighted Works are original works copyrightable under 17 U.S.C. § 102(a).

124.     Plaintiffs own all right, title, and interest in and to the PIW Copyrighted Works and the articles, as separate and distinct works.  *See* Exhibit L.

125.     Copies of the PIW Copyrighted Works were made available to and were received by Defendant pursuant to single-copy subscription agreements.

126.     On information and belief, Defendant has for years willfully copied and distributed on a consistent and systematic basis, without Plaintiffs' authorization or consent, the PIW Copyrighted Works, and concealed these activities from Plaintiffs.

127.     Based on the inclusion of the Copyright Notice and Warnings contained in transmittal emails and each of Plaintiffs' publications, the language in the subscription agreements, and the various warnings contained in Plaintiffs' publications, including the PIW Copyrighted Works and the weekly transmittal cover e-mails, Defendant knew and/or was on notice that the PIW Copyrighted Works were and are protected by the copyright laws, and Defendant is therefore unable to assert a defense of innocent infringement.  *See* 17 U.S.C. § 401(d).

128.     Defendant's single-copy subscription agreements to the PIW Copyrighted Works prohibit copying and distributing of the PIW Copyrighted Works, including the July 31, 2009 PIW Copyrighted Work.

129.     Upon information and belief, Defendant willfully infringed the copyrights in the PIW Copyrighted Works by acting with knowledge that its actions constituted infringement, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement.

130.     Defendant's acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in the PIW Copyrighted Works.  Defendant's past and continuing copying,

transmitting and distribution of Plaintiffs' PIW Copyrighted Works and the articles contained

therein constitute a willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are

causing irreparable harm and damage to Plaintiffs.

131.      Plaintiffs have no adequate remedy at law.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant on the foregoing

claims as follows:

(1)      That Defendant, its directors, officers, agents, subsidiaries and affiliates and all

persons acting by, through, or in concert with any of them, be permanently enjoined

from infringing any copyrights of Plaintiffs in any manner, and from copying,

exhibiting, transmitting, displaying, distributing or preparing derivative works from

any of the copyrighted material in any past, present or future issue of OMI, EIB, OD

or PIW, including the EIG Copyrighted Works and the articles contained therein;

(2)      That Defendant be required to pay to Plaintiffs such actual damages as they have

sustained and/or statutory damages as a result of Defendant's copyright infringement

pursuant to 17 U.S.C. § 504, which should be increased due to Defendant's willful

infringement pursuant to 17 U.S.C. § 504(c)(2);

(3)      That Defendant be required to account for and disgorge to Plaintiffs all gains, profits,

and advantages derived from its copyright infringement pursuant to 17 U.S.C. § 504;

(4)      That the Court issue an Order requiring Defendant to hold harmless and indemnify

Plaintiffs from any claim(s) raised by any third party who allegedly relied on any of Plaintiffs' publications it received as a result of Defendant's unauthorized use of the Plaintiffs' copyrighted materials;

(5)     That the Court enter judgment against Defendant in favor of Plaintiffs for all claims, including pre-judgment and post-judgment interest, as allowed by law;

(6)     That the Court enter judgment against Defendant finding that its unlawful copying, transmitting, and distribution of the EIG Copyrighted Works and the articles contained therein is willful;

(7)     That Defendant be ordered to pay to Plaintiffs their costs in this action along with reasonable attorneys' fees; and

(8)     That Plaintiffs be granted such other, further and different relief as the Court deems just and proper.

Respectfully submitted,

Dated:  January 27, 2016                     By: /s/ Robert L. Powley

Robert L. Powley (RP7674)
James M. Gibson (JG9234)
Thomas H. Curtin (TC5753)
Matthew F. Abbott (MA1025)

POWLEY & GIBSON, P.C.
304 Hudson Street, Suite 202
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

rlpowley@powleygibson.com
jmgibson@powleygibson.com
thcurtin@powleygibson.com
mfabbott@powleygibson.com

Counsel for Plaintiffs
ENERGY INTELLIGENCE GROUP, INC. &
ENERGY INTELLIGENCE GROUP (UK)
LIMITED