MAYER·BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

March 23, 2016

A. John P. Mancini
Direct Tel +1 212 506 2295
Direct Fax +1 212 849 5895
jmancini@mayerbrown.com

**DELIVERY VIA ECF**

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, New York 10007

      Re:    *Energy Intelligence Group, Inc. et al. v. Scotia Capital (USA) Inc.,*
              Case No. 1:16-cv-00617 (S.D.N.Y.)

Dear Judge Castel:

      We are counsel for Defendant Scotia Capital (USA) Inc. ("Scotia"). Pursuant to paragraph 4(A)(1) of your Individual Rules of Practice, we respectfully submit this pre-motion letter in connection with Scotia's anticipated motion, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f), to dismiss Counts III and IV and to strike certain allegations in the complaint filed by Plaintiffs Energy Intelligence Group, Inc. and Energy Intelligence Group (UK) Limited (collectively, "EIG") on January 27, 2016 (the "Complaint") (Dkt. No. 1). An Initial Pretrial Conference before the Court is currently scheduled for March 29, 2016, at 10:30 a.m.

**I.**    **Background**

      EIG has sued Scotia for alleged copyright infringement in connection with EIG's subscription-based publications entitled Oil Market Intelligence ("OMI"), Energy Intelligence Briefing ("EIB"), Oil Daily ("OD"), and Petroleum Intelligence Weekly ("PIW") (collectively "the EIG Publications"). EIG alleges that although Scotia has maintained "single-copy subscription agreements" to the EIG Publications, Scotia has "willfully copied and distributed" them in violation of copyrights EIG purports to hold in the EIG Publications. (Compl. at ¶¶ 93-95 (OMI), ¶¶ 104-106 (EIB), ¶¶ 115-117 (OD), and ¶¶126-128 (PIW).)

      EIG's suit against Scotia is part of a large-scale litigation campaign that EIG has been pursuing against over fifty (50) other defendants, both inside and outside this district, since at least 2008. EIG's litigation campaign seeks not to curb any misuse of its subscription agreements, or to recoup any actual damages suffered – which can easily be done, and should have been done, through simple, non-litigation means – but rather to exploit the statutory damages provisions of the Copyright Act to seek a windfall of vastly disproportionate damages awards for unwitting acts of infringement by subscribers.

Mayer Brown LLP operates in combination with other Mayer Brown entities (the "Mayer Brown Practices"), which have offices in North America, Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

March 23, 2016
Page 2

Although Scotia currently holds subscriptions to OMI and EIB (Compl. at ¶¶40-41), Scotia has not held a subscription to OD since July 2009 (Compl. at ¶42) or PIW since January 2010 (Compl. at ¶43).

## II.   Legal Basis for Dismissal of Counts III and IV

To withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Copyright Act provides that "[n]o civil action shall be maintained… unless it is commenced within three years after the claim accrued." 17 U.S.C. §507. A claim accrues either at the time of the injury, or at the time when the plaintiff with due diligence should have discovered the injury that forms the basis for the claim. *Petrella*, 134 S. Ct. at 1986, n. 4. Under *either* approach, based on the allegations in the complaint and judicially-noticeable public sources, EIG's claims with respect to the OD and PIW Publications are time-barred. EIG knew, or certainly should have known (based on other information it had), about the facts upon which its claims are based, more than three years ago. Thus, EIG cannot state a plausible claim upon which relief may be granted based on infringement of the OD and PIW Publications.

## III.   Legal Basis to Strike Certain Allegations

Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In *Petrella v. Metro-Goldwyn-Mayer, Inc.,* 134 S. Ct. 1962, 1970 (2014), the Supreme Court made clear that, in a case such as this, in which defendant is alleged to have committed a "series of discrete infringing acts", only three (3) prior years' worth of copyright infringement is actionable. *See id.* (the Copyright Act allows a plaintiff "…to gain retrospective relief running *only three years back from the date the complaint was filed*.") (emphasis added). Hence, copyright infringement alleged to have occurred more than three years prior to the complaint's filing date, or January 27, 2013, is not actionable. *See Petrella,* 134 S. Ct. at 1973.

Accordingly, any references in the Complaint to alleged infringement that occurred and/or damages that were suffered prior to January 27, 2013 are immaterial, given that they are not actionable under the Supreme Court's holding in *Petrella*. Thus, the following allegations should be stricken from the Complaint under Fed. R. Civ. P. 12(f):

> "Upon information and belief, Defendant has been regularly and systematically reproducing and distributing the EIG Copyrighted Works since at least as early as 2008." (Compl. ¶86)

### IV. Conclusion

For the foregoing reasons, Counts III and IV of the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6), and all allegations of infringement and/or related damages which pre-date January 27, 2013 should be stricken from the Complaint under Fed. R. Civ. P. 12(f).

Respectfully submitted,

**MAYER BROWN LLP**

By: __/s/ A. John P. Mancini_____
A. John P. Mancini
Allison Levine Stillman
1221 Avenue of the Americas
New York, New York  10020
*jmancini@mayerbrown.com*
*astillman@mayerbrown.com*
T 212.506.2295
F 212.849.5895

*Counsel for Defendant Scotia Capital (USA) Inc.*

cc: Counsel of Record (via ECF)