```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ENERGY INTELLIGENCE GROUP, INC., and
ENERGY INTELLIGENCE GROUP (UK)
LIMITED,

                        Plaintiffs,              16-cv-00617 (PKC)(KNF)

              -against-                          MEMORANDUM
                                                 AND ORDER

SCOTIA CAPITAL (USA) INC.,

                        Defendant.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

Plaintiffs Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK) Limited bring claims against defendant Scotia Capital (USA), Inc. ("Scotia") under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act") alleging willful infringement of plaintiffs' registered copyrights. Defendant moves to dismiss Counts III and IV of plaintiff's four-count complaint under Rule 12(b)(6), Fed. R. Civ. P. for failure to state a claim upon which relief can be granted, arguing that they are barred by the statute of limitations, and to strike any allegations of infringement under the remaining counts that are likewise barred by the statute of limitations. Based on the allegations set forth the complaint the Court cannot rule as a matter of law that the statute of limitations bars plaintiffs from recovery and defendant's motion is thus denied.

BACKGROUND

EIG publishes subscription newsletters concerning the global energy industry. (Compl. ¶ 8.) Subscribers to these publications include securities brokers and dealers,

consultants, bankers, investors, stock market analysts, traders, commodity analysts, and others interested in the oil and gas industries. (Id. at ¶ 13.) Subscribers can obtain these publications either through email subscriptions or via EIG's password protected website. (Id. at ¶ 24.) The four publications at issue are the newsletters *Oil Market Intelligence* ("OMI"), *Energy Intelligence Briefing* ("EIB"), *Oil Daily* ("OD"), and *Petroleum Intelligence Weekly* ("PIW"). (See id. at ¶¶ 9-12.) Scotia currently holds subscriptions to OMI and EIB, which are the subject of Counts I and II, respectively. (Id. at ¶¶ 40-41). Scotia has not held a subscription to OD since July 2009, or PIW since January 2010. (Id. at ¶¶ 42-43). EIG alleges that Scotia has willfully copied and distributed the publications beyond the scope permitted by the subscription agreements in violations of EIG's copyrights. (Id. at ¶¶ 93- 95, 104-06, 115-17, 126-28.)

LEGAL STANDARD

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing the sufficiency of a complaint, a court must disregard legal conclusions, which are not entitled to the presumption of truth. Id. Instead, the Court must examine the well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. "Dismissal is appropriate when 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE, 763 F.3d 198, 208-09 (2d Cir. 2014) (quoting Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000)).

DISCUSSION

In Psihoyos v. John Wiley & Sons, Inc., the Second Circuit held that under the Copyright Act, "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement. . . ." 748 F.3d 120, 125 (2d Cir. 2014). Little more than a month later, the Supreme Court, in an opinion holding that the equitable defense of laches does not apply to claims for copyright infringement brought within the statute of limitations under the Copyright Act, reviewed the statute of limitations for such suits, stating "the limitations period generally begins to run at the point when the plaintiff can file suit and obtain relief." Petrella v. MGM, 134 S. Ct. 1962, 1969 (2014) (internal quotation marks and citation omitted). In summarizing its introductory discussion of copyright law, the Supreme Court reiterated this earlier statement, elaborating that the statute of limitations allowed plaintiff "to gain retrospective relief running only three years back from the date the complaint was filed." Id. at 1970. In the context of its review of the statute of limitations under the Copyright Act, the Supreme Court noted that "[a]lthough we have not passed on the question, nine Courts of Appeals have adopted, as an alternative to the incident of injury rule, a 'discovery rule,' which starts the limitations period when 'the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim.'" Id. at 1969 n.4 (quoting William A. Graham Co. v. Haughey, 568 F.3d 425, 433 (3d Cir. 2009)).

Defendant urges the Court to disregard the clear Second Circuit precedent from Psihoyos that the statute of limitations begins to run at the actual or constructive discovery of infringement in favor of dicta in Petrella that the Supreme Court itself acknowledged was not controlling. This the Court will not do. Despite defendant's contention that Petrella has caused "instability in the law" and that the "discovery rule. . . will need to be revisited in the near

future," (Def.'s Mem. in Supp., 8), other courts within this district have found the discovery rule to still control post Petrella. See e.g., Cooley v. Penguin Grp. (USA), Inc., 31 F. Supp. 3d 599, 611 n.76 (S.D.N.Y. 2014). The Court concludes that the statute of limitations applicable to this action for infringement under the Copyright Act is three years from plaintiffs' actual or constructive discovery of the infringement.

Defendant contends that even if the Court finds Psihoyos controlling and applies the discovery rule to the statute of limitations in this action, such that plaintiffs' causes of action accrued within the statute of limitations, damages are still not recoverable for any infringement that occurred more than three years prior to the filing of the complaint due to a separate damages limitation laid down in Petrella. (Def.'s Mem. in Supp., 13-14.) In support of this proposition defendant relies on the above cited language from Petrella. As already discussed, the dicta from Petrella did not overrule Psihoyos. In any event, under no reasonable reading of Petrella could the opinion be interpreted to establish a time limit on the recovery of damages separate and apart from the statute of limitations.

Defendant argues that even if the discovery rule is applied to the statute of limitations applicable to plaintiffs' claims, several of plaintiffs' claims must still be dismissed because, based on the pleadings, plaintiffs were on inquiry notice of the infringement more than three years before the filing of the complaint. (See Def.'s Mem. in Supp., 9-10.) Under the Copyright Act, "[a] claim accrues when a reasonably diligent plaintiff knows or has reason to know of the injury upon which the claim is premised." Mahan v. ROC Nation, LLC, 634 F. App'x 329, 331 (2d Cir. 2016) (citing Merchant v. Levy, 92 F.3d 51, 56 (2d Cir. 1996)). Defendant argues that plaintiffs were on inquiry notice of defendant's infringement as early as 2000 based on the fact that the email addresses designated by defendant for the delivery of

several of the subscriptions did not match the names of the Authorized Users (the only people allowed to access the subscriptions) on record with plaintiffs.  (Def.'s Mem. in Supp., 10-11.)  Alternatively, defendant argues plaintiffs were on inquiry notice of possible infringement as early as 2008 due to similar fact patterns in various lawsuits plaintiffs filed against other institutional entities similar to defendant.  (Id. at 11-12.)

A motion to dismiss based on a statute of limitations defense "should not be granted unless 'it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Ortiz v. Cornetta, 867 F.2d 146, 148 (2d Cir. 1989) (emphasis in original) (quoting Abdul-Alim Amin v. Universal Life Insurance Co., 706 F.2d 638, 640 (5th Cir. 1983)).  Keeping in mind the requirement that all reasonable inferences be drawn in the non-movant's favor when deciding a motion to dismiss, the Court cannot conclude, based only on the pleadings, that plaintiffs were on inquiry notice of the infringement more than three years before the filing of the complaint.  Neither the discrepancies between the designated delivery email addresses and the names of the Authorized Users, nor the fact that plaintiffs had filed lawsuits against other parties based on factually similar infringement allegations so obviously indicates infringement that it would be appropriate to dismiss or strike any part of the complaint at this juncture.  A statute of limitations is a fact-based affirmative defense which may be better addressed on a more complete record at the summary judgment stage or at trial.

CONCLUSION

Because the Court cannot, based on the pleadings, conclude that plaintiffs' causes of action accrued more than three years before the filing of the complaint, defendant's motion to

dismiss or strike parts of the compliant based on the statute of limitations (Dkt. No. 23) is DENIED.

    SO ORDERED.

                              P. Kevin Castel
                             United States District Judge

Dated: New York, New York
       January 30, 2017